UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: A. H. ROBINS COMPANY,
INCORPORATED,
<u>Debtor.</u>

LENORE WIDMARK,                                          No. 99-2062
<u>Claimant-Appellant,</u>

v.

DALKON SHIELD CLAIMANTS TRUST,
<u>Trust-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge; Robert R. Merhige, Jr.,
Senior District Judge; Blackwell N. Shelley, Bankruptcy Judge.
(CA-85-1307-R)

Submitted: December 14, 1999

Decided: January 6, 2000

Before WIDENER and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael Villeck, Howard Eison, SANDER, SANDER, BLOCK &
WOYCIK, P.C., Mineola, New York, for Appellant. Orran L. Brown,

BOWMAN AND BROOKE, L.L.P., Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lenore Widmark appeals from the district court's order denying her motion to vacate the arbitrator's decision denying Widmark's Dalkon Shield Claim. We affirm.

A Dalkon Shield claimant who establishes use of a Dalkon Shield and the existence of an injury listed in Exhibit A to the Claims Resolution Facility is entitled to a presumption that the device caused the injury complained of. The presumption may be rebutted "if evidence is introduced which would support a finding of non-existence of the cause of the injury by use of the Dalkon Shield." In re A.H. Robins Co. (Reichel v. Dalkon Shield Claimants Trust), 109 F.3d 965, 968 (4th Cir. 1997). Once the presumption is rebutted, the case proceeds as if no presumption had existed, with the claimant bearing the ultimate burden of persuasion. See id. at 969.

Here, the arbitrator initially issued a decision unfavorable to Widmark, who claimed that she suffered pelvic inflammatory disease as a result of using the Dalkon Shield. The district court denied Widmark's motion to vacate the arbitrator's decision. On appeal, we vacated the district court's decision and remanded with instructions that the case be returned to the arbitrator, who was to give Widmark the benefit of the Reichel presumption. See In re: A.H. Robins Co. (Widmark v. Dalkon Shield Claimants Trust), No. 98-1522 (4th Cir. Oct. 26, 1998) (unpublished).

On remand, the arbitrator found that the Trust had successfully rebutted the presumption and that Widmark had failed in meeting her

2

ultimate burden under Reichel. Accordingly, Widmark's claim was denied in its entirety. In reaching this result, the arbitrator noted in particular evidence that PID generally strikes soon after insertion of an IUD, Widmark's nine years of problem-free use of the Dalkon Shield, and expert testimony that her PID likely was caused by a sexually transmitted disease--either gonorrhea or, more likely, chlamydia. The district court denied Widmark's motion to vacate the arbitrator's decision. Widmark timely appeals.

"Judicial review of an arbitration award is extremely limited." Kiernan v. Piper Jaffray Cos., 137 F.3d 588, 594 (8th Cir. 1998). If a district court confirms an arbitration award, the appellate court reviews the district court's factual findings for clear error and its holdings of law de novo. See First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 947-48 (1995); Gianelli Money Purchase Plan & Trust v. ADM Investors Servs., 146 F.3d 1309, 1311 (11th Cir. 1998).

Our review of the materials before us reveals no clear error in the district court's findings of fact. Nor was there legal error. In electing binding arbitration, Widmark agreed to be bound by the First Amended Rules Governing Arbitration. The district court correctly found that Widmark failed to demonstrate any of the grounds set forth in Arbitration Rule 44(a) for vacating the arbitrator's decision. In particular, we note that the arbitrator's evidentiary rulings were based on material presented at the hearing and that she correctly applied the Reichel proof scheme. Moreover, although Widmark asserts that certain evidence was admitted in violation of Arbitration Rules 32(f)(8) and 37, which prohibit the introduction of evidence of the presence or absence of product defect, our review discloses that the evidence in question was introduced as evidence of causation and fully admissible under the Arbitration Rules.

We accordingly affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

AFFIRMED

3